IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK KENNEDY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JUDGE GENECE BRINKLEY** | : | **NO. 15-1233** |

MEMORANDUM

BEETLESTONE, J.                                           MARCH 16, 2015

      Plaintiff Derrick Kennedy brings this civil rights action based on allegations that he was required to serve an illegal sentence. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.     FACTS[1]

      In 2011, the Honorable Genece Brinkley, a judge on the Philadelphia Court of Common Pleas, sentenced plaintiff to three to seven years of imprisonment for violating his probation. Plaintiff believes the sentence was "illegal" because Judge Brinkley allegedly failed to award him credit for time served. He contends that his attorney should have challenged the sentence on that basis, but the attorney refused to do so because he did not think plaintiff was entitled to credit. Plaintiff filed for post-conviction relief in state court and for *habeas* relief in federal court. *See Kennedy v. Brinkley*, E.D. Pa. 11-7812; *Commonwealth v. Kennedy*, Docket No. CP-51-CR-0302191-2005 (Phila. Ct. Common Pleas). He has not yet been successful in invalidating his sentence, although it appears his post-conviction petition remains pending in state court.

---

[1] The following facts are taken from the complaint and publicly available dockets of relevant state and federal proceedings.

1

Plaintiff was paroled in 2014 after serving three and a half years. He initiated this civil rights lawsuit against Judge Brinkley primarily seeking damages for the time he spent in custody in connection with the allegedly illegal sentence. He purports to be raising constitutional claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court will construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"[T[o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The same concept applies to claims under § 1985 and § 1986.[2] *See McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004). Here, plaintiff seeks relief based on allegations that he was required to serve an illegal sentence. However, his sentence has not yet been invalidated. Accordingly, the Court will dismiss the complaint as frivolous because plaintiff's claims are not cognizable in a civil rights action.[3]

Plaintiff's claims fail for another reason. Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). As plaintiff's claims against Judge Brinkley are all based on her imposition of an allegedly illegal sentence in her capacity as a judge presiding over plaintiff's criminal case, Judge Brinkley is entitled to absolute immunity.

A district court should generally provide a *pro se* plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff cannot cure the deficiencies in his claims. Accordingly, he will not be permitted to file an amended complaint.

---

[2] Section 1988, which plaintiff also references in his complaint, does not provide an independent cause of action. *See Estes v. Tuscaloosa Cnty.*, 696 F.2d 898, 901 (11th Cir. 1983).

[3] It appears as though plaintiff may have intended to bring claims against the Philadelphia District Attorney's Office for agreeing with Judge Brinkley's sentence and the Philadelphia Public Defender's Association (or his attorney) for failing to challenge the sentence. However, he failed to name those entities/individuals as defendants in the caption of his complaint as required by Federal Rule of Civil Procedure 10(a). Even if the complaint can be construed to raise claims against those entities/individuals, the claims still would not be cognizable because they are based on the premise that plaintiff was required to serve an illegal sentence.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An appropriate order follows, which shall be docketed separately.

03/16/15
mailed to plaintiff